(56 South. 502.)

No. 18,531.

MITCHELL v. MORRIS.

(Nov. 13, 1911.)

*(Syllabus by the Court.)*

LIBEL AND SLANDER (§ 19*)—WORDS ACTIONABLE—"DISHONEST."

In an action for damages for alleged libel contained in a letter from the defendant to plaintiff's employer, *held*, that the term "dishonest" was used in the sense of a want of probity, or fairness, in business transactions.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 98, 99; Dec. Dig. § 19.*]

Appeal from Fourth Judicial District Court, Parish of Lincoln; R. B. Dawkins, Judge.

Action by B. H. Mitchell against J. M. Morris. From a judgment for defendant, plaintiff appeals. Affirmed.

F. F. Preaus and Clifton Mathews, for appellant. Bullock & Warren, for appellee.

LAND, J. This is a suit for damages for an alleged libel contained in a certain letter written by the defendant to the employer of the plaintiff. The defendant's plea of justification was sustained by the verdict of the jury and the judgment of the court. Plaintiff has appealed.

In March, 1910, plaintiff was the agent of the J. I. Case Threshing Machine Company, of Houston, Tex., for the sale of peanut threshing machinery. He secured future delivery orders from the defendant and two other farmers of Lincoln parish, La., for threshing machines. At the time the orders were secured the peanut crop had not been planted, and, of course, the agent knew that the farmers would have no use for the machines before the nuts were ready for the harvest. All three of the farmers testified that the orders were given subject to their right to countermand the same. Defendant wrote to the plaintiff to countermand the order, and, on his refusal to do so, wrote to the machine company, but received no reply. Defendant wrote again as follows:

"Simsboro, La., May 21, 1910.
"J. I. Case Threshing Machine Co., Houston, Texas.

"Dear Sirs: I will write you again in regard to the countermanding of the machine. I wrote to you two weeks ago, but did not get any answer from you, as I stated in my other letter why I could not take the machine was I failed to get me a partner, and I told your agents that I did not want the machine without a partner, and they told me I could contract for one, and if I seen I did not want it

I could have it countermanded. So I told B. H. Mitchell to have it countermanded, and he is trying to run a bluff over me by saying it cannot be countermanded now. Now, gentlemen, I take you to be an honest company, and I think you are one; but you have got a dishonest agent. B. H. Mitchell is trying to gull the people, he is trying to make so much profit. I can buy your same machine in Ruston from your agent there for $50 less than from B. H. Mitchell. Now, I have two witnesses to prove that heard the trade, and they will swear what I have told you. Do not ship the machine to me at all, for I could not pay the freight without help.

"Yours respectfully,      J. M. Morris."

The defendant received no response to this letter, which seems to have been forwarded to the plaintiff, who instituted this suit on June 2, 1910.

The facts stated in the letter as to the countermand agreement are substantially sustained by the testimony of the defendant and his brother. Robertson and Feswell, neighbors of the defendant, testified that the plaintiff secured orders for machines from each of them under a similar countermand reservation. Plaintiff is the only witness who contradicts the statements of the four witnesses for the defendant.

The letter written by the defendant first states the facts, from which the writer inferred that the plaintiff was a "dishonest agent." In the light of such facts, it is evident that the term "dishonest" was used in the sense of a want of probity or fairness in business transactions. The statement in the letter as to the difference between the prices asked by the plaintiff and the prices of similar machines in Ruston was made by the defendant in good faith, on information derived from the company's agent at that place. The statement of the plaintiff that such difference arose from additional equipments is not corroborated by any other testimony. Before this suit was instituted the defendant told the plaintiff that, if he was mistaken about the matter of prices, he was ready and willing to withdraw the statement in his letter in reference to prices, and to apologize. The plaintiff insisted on the withdrawal of all the statements contained in the letter. Defendant declined to withdraw the statements relating to the agreement to countermand. Plaintiff thereupon instituted this suit. A month or more later the machine arrived at Ruston, and the defendant accepted it.

The testimony of Robertson and Feswell shows that the plaintiff made similar agreements with them as to the sale of threshing machines, and subsequently violated his promises. This testimony was contradicted by that of the plaintiff. The question of credibility was one for the jury to determine, and after carefully reviewing the evidence we are not prepared to disturb the verdict of the jury, sustained as it is by the approval of our learned Brother below.

It is therefore ordered that the judgment be affirmed, and that plaintiff pay the costs of this appeal.